UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JAYSON CRUZ

      Plaintiff,

vs.

NCL (BAHAMAS) LTD., A
BERMUDA COMPANY,
d/b/a NORWEGIAN CRUISE LINES, INC.

      Defendant.

_____/

## **COMPLAINT**

COMES NOW, the Plaintiff, JAYSON CRUZ, by and through undersigned counsel, and sues the Defendant, NCL (BAHAMAS) LTD., A Bermuda Company, d/b/a NORWEGIAN CRUISE LINES, INC., and further states as follows:

### **JURISDICTIONAL AND VENUE ALLEGATIONS**

1. This is an action for damages in excess of $75,000.00, exclusive of interest and costs.

2. Plaintiff, JAYSON CRUZ (hereinafter "Plaintiff"), is *sui juris*, is a citizen and resident of the state of New Jersey and was at all times material a fare-paying passenger aboard Defendant's cruise ship ESCAPE.

3. Defendant, NCL (BAHAMAS) LTD., d/b/a NORWEGIAN CRUISE LINES, INC, (hereinafter "NCL"), is a foreign entity with its principal place of business in Miami, Florida.

4. Subject matter jurisdiction exists pursuant to 28 U.S.C. 1332 and 28 U.S.C. §

1333 because this is a maritime cause of action as well as there being complete diversity of citizenship and the amount in controversy exceeding $75,000.00.

5. At all times material hereto, NCL has conducted ongoing, substantial, and not isolated business activity in Miami-Dade County, Florida, in the Southern District of Florida, so that *in personam* jurisdiction exists in the United States District Court for the Southern District of Florida.

6. At all times material, NCL has engaged in the business of operating maritime cruise vessels for paying passengers including the Plaintiff.

7. In its ticket contract with Plaintiff, NCL requires fare-paying passengers like Plaintiff to bring any lawsuit against NCL arising out of injuries or events occurring on the cruise voyage in this federal judicial district.  Accordingly, venue is proper.

8. Venue is also proper in this district because NCL's principal place of business is located within this district.

9. Plaintiff has complied with all conditions precedent to filing this action.

## GENERAL  ALLEGATIONS

10. NCL owed Plaintiff a duty of reasonable care in the circumstances.

11. On or about August 11, 2025, the Plaintiff was a fare-paying passenger aboard NCL's cruise ship ESCAPE.

12. On that date, the Plaintiff had purchased two drinks at the H2O bar and was attempting to descend a set of steps to the deck below in the late evening carrying the drinks in his hands.

13. As he approached the steps carrying the two drinks and stepped on the landing

above the steps, his right foot slipped out from under him and as he attempted to catch himself, his left foot slipped as well, causing him to fall on his back and slide down the entire flight of steps which were wet and unreasonably slippery to the landing below which was also wet.

14. Plaintiff was trying to be careful and avoid slipping but the entire steps and platforms or landings at the top and bottom of the steps were wet and unreasonably slippery.

15. Defendant's duty of reasonable care in the circumstances includes keeping steps where passengers were expected to walk in a reasonably safe in the circumstances condition.

16. On the aforesaid date, NCL owned and/or operated the ESCAPE.

17. At all times material Plaintiff acted with due care for his own safety.

## COUNT I – NEGLIGENCE

18. Plaintiff reavers and realleges paragraphs 1 through 17 as if set forth herein.

19. Defendant owed Plaintiff a duty of reasonable care in the circumstances to maintain the ESCAPE in a reasonably safe in the circumstances condition.

20. The Defendant has a duty of reasonable care in the circumstances to keep walking areas such as sets of steps and landings clean and dry.

21. NCL had actual knowledge and/or constructive knowledge of the unreasonably dangerous qualities of the steps and landings as alleged in paragraphs 13-15 and through the knowledge and observations of the employees working in the area and because the entire set of steps and the landings both above and below the steps were wet.

22. At all times material, the dangerous conditions existed for a sufficient period that NCL had actual and/or constructive knowledge of the dangerous conditions, and/or NCL had actual and/or constructive knowledge of the dangerous conditions through the ordinary observations of its crew members working in the area.

23. As a result of the foregoing, the Plaintiff was seriously injured in and about his body and extremities when he slipped and fell on his back down an entire set of passenger steps and landing which were and was wet and unreasonably slippery when wet.

24. Plaintiff has suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and suffered physical handicap and a loss of the ability to enjoy life; suffered a loss of earnings and/or earning capacity and lost the enjoyment and value of the cruise vacation. Plaintiff suffered fractures of the left transverse processes of the first and second lumbar vertebrae. Said injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from NCL for damages, pre-judgment interest and costs. Jury trial is demanded.

### COUNT II - NEGLIGENT FAILURE TO WARN

25. Plaintiff reavers and realleges paragraphs 1 through 17 as if set forth herein.

26. Plaintiff was seriously injured when he slipped and fell on his back down an entire set of steps.

27. NCL was aware or should have been aware through the exercise of reasonable care in

- 4 -

the circumstances of the unreasonable danger posed by the subject steps based on a) the observations of NCL employees in the area prior to the Plaintiff being injured. These employees are cleaners and bar personnel who were in the immediate area before Plaintiff slipped and fell,

28. The dangerous conditions as previously alleged in paragraph 13-15 were neither open nor obvious to the Plaintiff using his five senses before he encountered, nor was he told about the existence of the steps and landings being wet and unreasonably slippery when wet prior to his being injured.  Defendant should have warned Plaintiff that the steps were wet and that Plaintiff should not attempt to descend the steps because they were unreasonably slippery when wet.

29. At all times material, the Plaintiff was acting with due care for his own safety.

30. As a result of the negligence of NCL as aforesaid, the Plaintiff was injured in and about his body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered a loss of earnings and/or loss of earning capacity; suffered a loss of enjoyment and value of the cruise; suffered displaced fractures of the processes of the first and second lumbar vertebrae.  Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from NCL for damages, pre-judgment interest and costs.  Jury trial is demanded.

DATED this 13TH Day of May, 2026.

Respectfully submitted,

/s/ *Paul M. Hoffman, Esq.*
PAUL M. HOFFMAN, ESQ.
Florida Bar No. 0279897
pmh@paulhoffmanlaw.com
2881 East Oakland Park Boulevard
Fort Lauderdale, Florida 33306
Telephone: 954-707-5040
Facsimile:  954-315-1702
*Attorney for Plaintiff*